# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# MIDLAND DIVISION

| | |
|---|---|
| **WILLIE MORGAN,**<br>　　　　　**Plaintiff,**<br><br>v.<br><br>**PIONEER NATURAL RESOURCES COMPANY,**<br>　　　　　**Defendant.** | Case No. ___7:21-cv-00174___<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT

### SUMMARY

1.Plaintiff Willie Morgan (Morgan) brings this lawsuit to recover unpaid overtime wages and other damages from Pioneer Natural Resources Company (Pioneer) under the Fair Labor Standards Act (FLSA).

2.Morgan worked for Pioneer as a Drilling Supervisor.

3.Morgan regularly worked for Pioneer in excess of forty (40) hours each week.

4.But Pioneer did not pay him overtime.

5.Instead of paying overtime as required by the FLSA, Pioneer improperly paid Morgan a daily rate with no overtime compensation.

6.Morgan seeks to recover unpaid overtime wages and other damages.

### JURISDICTION AND VENUE

7.This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

8.Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial portion of the events giving rise to this action occurred in this District.

9. Pioneer is headquartered in Irving, Texas.

10. Morgan worked for Pioneer in Midland County, Texas.

## THE PARTIES

11. Morgan worked for Pioneer from approximately August 2018 until July 2019 as a Drilling Supervisor.

12. Throughout his employment, Pioneer paid Morgan a flat daily rate for each day worked regardless of the total hours worked in a workweek ("day rate pay plan").

13. Morgan's consent to be a party plaintiff is attached as Exhibit A.

14. Pioneer Natural Resources Company is a corporation doing business throughout the United States. Pioneer may be served by serving its registered agent for service of process: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## COVERAGE UNDER THE FLSA

15. At all times hereinafter mentioned, Pioneer was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

16. At all times hereinafter mentioned, Pioneer was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

17. At all relevant times, Pioneer has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

18. At all relevant times, Pioneer has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials (including tools, flashlights, smart phones/devices, badges, uniforms, computers, personal protection equipment, etc.) that have been moved in or produced for commerce.

19. In each of the past 3 years, Pioneer's annual gross volume of sales has well exceeded $1,000,000 for at least the past 3 years.

20. At all relevant times, Morgan was engaged in commerce or in the production of goods for commerce.

21. Pioneer uniformly applied its policy of paying its Drilling Supervisors, including Morgan, a day rate with no overtime compensation.

22. By paying its Drilling Supervisors a day rate with no overtime compensation, Pioneer violated (and continues to violate) the FLSA's requirement that it pay employees at 1 and ½ times their regular rates for hours worked in excess of 40 in a workweek.

23. As a result of this policy, Morgan did not receive overtime as required by the FLSA.

24. Pioneer's uniform compensation scheme of paying its Drilling Supervisors a day rate with no overtime compensation for weeks in which these workers work over 40 hours is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

## THE FACTS

25. Pioneer is a Texas-based independent oil, gas exploration, and production company which operates in the Permian Basin.

26. To complete its business objectives, it hires personnel (like Morgan) to perform the necessary work on the wellsite.

27. Throughout his employment with Pioneer, Pioneer paid Morgan on a day rate basis.

28. Morgan worked for Pioneer under its day rate pay scheme.

29. Morgan did not receive a salary.

30. Morgan did not work, he did not get paid.

31. Morgan received a day rate.

32. Morgan did not receive overtime pay.

33. This is despite the fact Morgan often worked 10 or more hours a day, for 7 days a week, for weeks at a time.

34. For example, Morgan received a day rate for each day he worked for Pioneer.

35. Although he typically worked 7 days a week, for 10 or more hours a day, he did not receive any overtime pay.

36. Morgan received the day rate regardless of the number of hours he worked in a week, even when they worked more than 40 hours.

37. Morgan was not employed on a salary basis.

38. Morgan did not, and never has, received guaranteed weekly compensation from Pioneer irrespective of the day worked (i.e., the only compensation he received is the day rate they are assigned for all hours worked in a single day or week).

39. Morgan worked in accordance with the schedule set by Pioneer and/or its clients.

40. Morgan's work schedule is typical of Pioneer's Drilling Supervisors.

41. Pioneer controls Morgan's pay.

42. Likewise, Pioneer and/or its clients control Morgan's work.

43. Pioneer requires Morgan to follow Pioneer and/or its clients' policies and procedures.

44. Morgan must adhere to the quality standards put in place by Pioneer and/or its clients.

45. Morgan is not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform his job duties.

46. As a Drilling Supervisor, Morgan was responsible for ensuring Pioneer's and/or its clients' projects were completed according to established guidelines, specifications, and restrictions.

47. Morgan provided daily reports to Pioneer (and/or its clients') personnel.

48. At all relevant times, Pioneer and/or its clients maintained control over Morgan via hiring, firing, discipline, timekeeping, payroll, and other employment practices.

49. Morgan does not have the power to hire or fire any employees.

50. Pioneer knew Morgan worked more than 40 hours in a week.

51. Pioneer knew, or showed reckless disregard for, whether Morgan was entitled to overtime under the FLSA.

52. Nonetheless, Pioneer failed to pay Morgan overtime.

53. Pioneer willfully violated the FLSA.

### CAUSE OF ACTION
### FLSA VIOLATIONS

54. By failing to pay Morgan m overtime at one-and-one-half times his regular rate, Pioneer violated the FLSA's overtime provisions.

55. Pioneer owes Morgan the difference between the rate actually paid and the proper overtime rate.

56. Because Pioneer knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Pioneer owes these wages for at least the past three years.

57. Pioneer is liable to Morgan for an amount equal to all unpaid overtime wages as liquidated damages.

58. Morgan is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### JURY DEMAND

59. Morgan demands a trial by jury

### PRAYER

60. WHEREFORE, Morgan prays for judgment against Pioneer as follows:

   a. For an Order pursuant to Section 16(b) of the FLSA finding Pioneer liable for unpaid back wages due to Morgan and for liquidated damages equal in amount to his unpaid compensation;

b.  For an Order awarding Morgan his reasonable attorneys' fees and expenses as provided by the FLSA;

c.  For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

d.  For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
    **Michael A. Josephson**
    State Bar No. 24014780
    **Andrew W. Dunlap**
    State Bar No. 24078444
    **Carl A. Fitz**
    State Bar No. 24105863
    **JOSEPHSON DUNLAP LLP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com
    cfitz@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
1 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**